UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                            :
IRWIN JOHNSON,                                              :
                                                            :
                              Plaintiff,                    :     10 Civ. 8312 (PAE)
              -v-                                           :
                                                            :     OPINION & ORDER
MS. ROSE AGROS, MR. ARTEMIO COLON, MR.                      :
PETER BROOKINS, MR. CHARLES BRUIJ, and MR.                  :
MOTASIR MIAH,                                               :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

    Plaintiff Irwin Johnson ("Johnson") brings this 42 U.S.C. § 1983 action against five employees of the New York City Department of Corrections ("DOC"), alleging that the unsafe conditions under which he was incarcerated caused him to fall and injure himself, and that his rights under the Eighth and Fourteenth Amendments were thereby violated. Johnson, at the time, was imprisoned in the Manhattan Detention Complex ("MDC"). He claims that, while working near a shower area, he fell on his back because his prison-issue slippers were inadequate for the work he was doing, and because there was no mat outside the shower area. Defendants, through the City of New York, move to dismiss the Amended Complaint with prejudice for failure to state a claim. Because Johnson has failed to exhaust the administrative remedies available to him, the Court dismisses the Amended Complaint without prejudice.

## I.     Factual Background[1]

On July 28, 2010, at about 10:30 p.m., Johnson was completing a work detail assignment at the MDC.  Compl. ¶¶ II.C, II.D.1.  He was assigned to clean the showers; having completed that task, he went to return the cleaning supplies.  *Id.* ¶ II.D.2.  While doing so, Johnson slipped and fell onto his back.  *Id.* ¶ II.D.3.  Johnson claims the fall was caused both by the "Chinese slippers" he was issued upon entering the MDC and the lack of a safety mat outside the shower area.  *Id.* ¶¶ II.D.1, 3.  Motasir Miah, a correction officer on duty at the time, observed the fall, and notified the prison medical staff.  *Id.* ¶ II.D.4.  The medical staff, after examining Johnson, called for an ambulance, and a group of emergency medical technicians arrived to take him to a medical facility.  *Id.* ¶¶ II.D.5–6.  Johnson was taken to Bellevue Hospital, where he was given a CAT scan and a full body scan.  *Id.* ¶ II.D.7.  A doctor notified him that, as a result of the fall, Johnson was having muscle spasms and inflammation in his lower back.  *Id.* ¶ II.D.8.  Upon discharge, Johnson was issued a cane to help him walk and was "very strongly medicated."  *Id.* ¶¶ II.D.9, III.  He is still undergoing treatment for his injuries.  *Id.* ¶ V.

Johnson brings this action against: (1) Rose Agros, the warden of the MDC at the time of the incident; (2) Artemio Colon, the MDC's deputy warden at the time of the incident; (3) Peter Brookins, the assistant deputy warden at the time of the incident; (4) Charles Bruij, a captain working at the prison that evening; and (5) Motasir Miah, the correction officer who observed the incident.  He seeks $50,000 in compensatory damages and $50,000 in nominal damages for "current and foreseeable injury" as a result of the accident, "which resulted in pain in [his] back, spine, and legs."  *Id.*  Johnson concedes that he did not file a grievance about the alleged

---

[1] The following facts are drawn from the Amended Complaint ("Compl.") (Dkt. 15)—the contents of which are taken as true for the purposes of resolving this motion—and from Defendants' Memorandum of Law in Support of Their Motion to Dismiss ("Def.'s Mot. to Dismiss") (Dkt. 22).

incident. Compl. ¶ IV.D.  He claims that there was no grievance procedure in the MDC; he also claims that physical injury "is not a grievable issue." *Id.* ¶¶ IV.B, E, F.

## II.     Procedural History

On October 26, 2010, Johnson brought this suit, which named two individual defendants as John Does.  The DOC subsequently identified those officers as Brookins and Bruij.  Johnson failed to timely serve certain individual defendants, although ultimately all defendants waived service.  Johnson has also transferred facilities a number of times during this lawsuit, which slowed its progress.  On February 21, 2012, Johnson signed an Amended Complaint, which was filed on February 24, 2012.  On May 7, 2012, defendants moved to dismiss the Amended Complaint.  Also on May 7, 2012, defendants filed an affidavit of service of the motion on defendant by mail.  Johnson has not made any submission in response to defendants' motion.  On July 2, 2012, the Court granted defendants' request that the Court consider the motion unopposed.

## III.    Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Accordingly, in considering a motion to dismiss, a district court "must accept as true all well-pleaded factual allegations in the complaint, and 'draw[ ] all inferences in the plaintiff's favor.'" *Brown v. Kay*, No. 11-cv-7304, 2012 WL 408263, at \*7 (S.D.N.Y. Feb. 9, 2012) (quoting *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006)).

Because plaintiff is proceeding *pro se,* the Court must construe liberally his Amended Complaint and any further pleadings, and "interpret them to raise the strongest arguments that

they suggest." *Cold Stone Creamery Inc. v. Gorman*, 361 F. App'x 282, 286 (2d Cir. 2010) (summ. order) (internal quotation marks omitted). As a general rule, *pro se* complaints are held to less stringent standards than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008). However, despite the more lenient standard, to survive a motion to dismiss, a *pro se* plaintiff must still plead enough facts to state a claim to relief that is plausible on its face. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Accordingly, dismissal of a *pro se* complaint is appropriate where a plaintiff has clearly failed to meet minimum pleading requirements. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997); *Honig v. Bloomberg*, No. 08-cv-541, 2008 WL 8181103, at *4 (S.D.N.Y. Dec. 8, 2008), *aff'd*, 334 F. App'x 452 (2d Cir. 2009).

A plaintiff's failure to oppose a 12(b)(6) motion does not by itself merit dismissal of a complaint. *See Goldberg v. Danaher*, 599 F.3d 181, 183–84 (2d Cir. 2010); *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000). "[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Goldberg*, 599 F.3d at 184 (citing *McCall*, 232 F.3d at 322–23). Accordingly, "[i]f a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Id.* Consequently, as with all Rule 12(b)(6) motions, in deciding an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency" according to the principles ordinarily applicable on a motion to dismiss. *McCall*, 232 F.3d at 322.

[4]

**IV.      Discussion**

Defendants have moved to dismiss the Amended Complaint on three grounds, that: (1) Johnson has failed to exhaust his administrative remedies; (2) Johnson has failed to allege conditions that rise to the level of a constitutional violation; and (3) Johnson has not alleged that any defendant was personally involved in the accident.  Because the Court finds that Johnson has failed to exhaust his administrative remedies, it has no occasion to address the other two grounds for dismissal.

**A.      Exhaustion**

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust all available administrative remedies before bringing a federal civil rights action.  *See* 42 U.S.C. § 1997e(a).  "This requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and regardless of the subject matter of the claim."  *Simmons v. Bezio*, No. 11-cv-753, 2012 WL 3054127, at *2 (N.D.N.Y. June 21, 2012) (citing *Giano v. Goord*, 380 F.3d 670, 675–76 (2d Cir. 2004)) (additional citations omitted).  Inmates must exhaust their administrative remedies even if they are seeking only money damages not available in prison administrative proceedings.  *Giano*, 380 F.3d at 675.  Under the PLRA, "'[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'"  *Dennis v. Westchester Cnty. Jail Corr. Dep't*, No. 11-1452-cv, 2012 WL 2125837, at *1 (2d Cir. 2012) (summ. order) (quoting 42 U.S.C. § 1997e(a)).  This language from the PLRA is, in fact, recited verbatim in the seven-page form on which the Complaint in this case was filed.  *See* Compl. ¶ IV.  "If nonexhaustion is clear from the face of the complaint (and incorporated documents), a motion to dismiss pursuant to Rule 12(b)(6) for

failure to exhaust should be granted." *McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003).

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006). It must be raised by a defendant, and it is the defendant's burden to prove that the plaintiff failed to meet the exhaustion requirements. *See, e.g.*, *Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (citations omitted). The Second Circuit has identified a number of circumstances under which administrative exhaustion is not mandatory. This occurs when

> (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as reasonable misunderstanding of the grievance procedure, justify the prisoner's failure to comply with the exhaustion requirement.

*Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006).

The prison's requirements, and not the PLRA, "define the boundaries of proper exhaustion." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009). Because plaintiff was confined in a DOC facility, his administrative remedies were covered by the DOC's five-step Inmate Grievance Resolution Program ("IGRP").[2] *See* DOC Directive 3375R–A. The grievance procedure requires an inmate to: (1) file an informal complaint with the Inmate Grievance Resolution Committee ("IGRC"); (2) in the event that informal resolution is not reached within

---

[2] The Court takes judicial notice of the IGRP, as courts in this Circuit regularly do. *See Martin v. City of N.Y.*, No. 11-cv-600, 2012 WL 1392648, at *5 n.2 (S.D.N.Y. Apr. 20, 2012); *see also Mamon v. N .Y. City Dep't of Corr.*, No. 10-cv-8055 et al., 2012 WL 260287, at *3 n.4 (S.D.N.Y. Jan. 27, 2012); *Swanston v. Dep't of Corr.*, No. 11-cv-1219, 2011 WL 5105489, at *2 (S.D.N.Y. Oct. 27, 2011). The DOC's website also contains a link describing the IGRP. *See* City of New York Dep't of Corr., Inmate Grievance Resolution Program Directive, http://www.nyc.gov/html/doc/downloads/pdf/3375R-A.pdf.

five days, request a formal hearing before the IGRC; (3) appeal any unfavorable decision by the IGRC to the Commanding Officer; (4) appeal any unfavorable decision by the Commanding Officer to the Central Office Review Committee; and (5) appeal any unfavorable decision from the Central Office Review Committee to the New York City Board of Correction.  *See Martin*, 2012 WL 1392648, at *5; *Mamon*, 2012 WL 260287, at *3; *see also, e.g.*, *Reuben v. N.Y. City Dep't of Corr.*, No. 11-cv-378, 2011 WL 5022928, at *2 (S.D.N.Y. Oct. 18, 2011); *Chisholm v. N.Y. City Dep't of Corr.*, No. 08-cv-8795, 2009 WL 2033085, at *1 (S.D.N.Y. July 13, 2009). "An inmate's administrative remedies are not exhausted until he proceeds through all five levels of the IGRP."  *Houston v. Horn*, No. 09-cv-801, 2010 WL 1948612, at *6 (S.D.N.Y. May 13, 2010); *see also Martin*, 2012 WL 1392648, at *5; *Williams v. Dep't of Corr.*, No. 11-cv-1515, 2011 WL 3962596, at *10 (S.D.N.Y. Sept. 7, 2011) (internal quotations omitted).

In his Amended Complaint, Plaintiff makes what the Court construes to be two alternative points relating to administrative exhaustion: first, that the MDC has no grievance procedure, *see* Compl. ¶ IV.B, and second, that physical injuries are, in any event, not grievable, *see id.* ¶¶ IV.E.1, IV.F.  The Court addresses these arguments in turn.

Plaintiff's argument that the MDC lacks a grievance procedure is undermined both in his own Amended Complaint and by the IGRP.  In his Amended Complaint, plaintiff specifically refers to 3375R–A, the directive governing the IGRP.  *See* Compl. ¶ IV.E.1 (Q: "Which claim(s) in this complaint did you grieve?" A: "Physical injury is not a grievable issue (3375–RA [sic])."). It is fair to infer, then, that plaintiff has at least some familiarity with the grievance procedure at the MDC.  Additionally, "he nowhere claims that he was unaware of the grievance procedures contained within [the directive] or that he did not understand those procedures."  *Ruggiero*, 467 F.3d at 178.  In any event, even if Johnson failed to grieve because he believed the

grievance process to be futile, this is insufficient to excuse the exhaustion requirement. *See Berry v. City of N.Y.*, No. 00-cv-2834, 2002 WL 31045943, at *7 (S.D.N.Y. June 11, 2002) (exhaustion requirement cannot be waived due to plaintiff's belief that pursuing administrative remedies would be ineffective or futile); *see also Giano*, 250 F.3d at 150–51 (noting that "the alleged ineffectiveness of the administrative remedies that are available does not absolve a prisoner of his obligation to exhaust such remedies").

Johnson argues, alternatively, that physical injuries are not grievable. But at least some of the bases for Johnson's Amended Complaint are plainly grievable under the IGRP. The IGRP defines a grievance as:

> a written complaint submitted by an inmate in the custody of the Department about the substance or application of any written or unwritten policy, regulation, rule, or procedure of the DOC or any of [its] units, or the lack of a policy, regulation, rule, or procedure, based on the impact of such policy or lack thereof on the inmate personally.

Directive 3375R–A.III.A. Johnson's complaint about footwear logically fits into a number of these categories. For example, the footwear he was issued upon arrival to the MDC was issued pursuant to a "written or unwritten policy, regulation, rule or procedure of the DOC." *Id.* Similarly, the absence of the shower mat quite likely reflects (and Johnson does not suggest to the contrary) a "lack of a policy, regulation, rule, or procedure." *Id.*; *see* Def.'s Mot. to Dismiss 5 ("A challenge to these policies or practices fits squarely within the Department of Correction definition of a grievance."). Indeed, cases in this Circuit have addressed slip and fall cases of the variety at issue here and have consistently found those claims grievable, and dismissed non-grieved clams for failure to exhaust. *See Williams*, 2011 WL 3962596, at *1, 5 (finding that a plaintiff secured in a DOC facility and "forced to wear non-supportive, DOC-issued footwear that resulted in a number of slip and fall accidents" had a grievable injury); *Jones v. N.Y. City*

*Dep't of Corr.*, No. 03-cv-3167, 2006 WL 2481793, at *3 (S.D.N.Y. Aug. 25, 2006) (finding that a Rikers Island inmate "had an opportunity [under the IGRP] to grieve any complaint he had regarding the allegedly slippery cell floor, the alleged injury, and the allegedly inadequate medical treatment").

None of the circumstances in which a failure to exhaust administrative remedies may be excused is present here.  First, as noted, the MDC has a procedure in place for grievances, and Johnson's claims are grievable under that procedure.  Second, defendants have not waived the defense of failure to exhaust, or acted in any way that would estop them from raising the defense. "A defendant can be estopped from asserting an affirmative defense of failure to exhaust where the defense is not timely raised or the defendant takes some action to inhibit an inmate from exhausting his administrative remedies, such as threatening an inmate with retaliation or taking affirmative steps to prevent the inmate from exhausting." *Williams*, 2011 WL 3962596, at *5; *see also Veloz v. N.Y.*, 339 F. Supp. 2d 505, 515 (S.D.N.Y. 2004) (collecting cases).  Johnson has made no such allegations; and defendants have not acted inconsistently with their insistence that Johnson follow the MDC's written grievance procedures.  Finally, there is no special circumstance here justifying a failure to comply with the requirement of exhaustion; and Johnson has not pointed to any in his Amended Complaint.  *See Hargrove v. Riley*, No. 04-cv-4587, 2007 WL 389003, at *10 (E.D.N.Y. Jan. 31, 2007) (inmate was not excused from exhaustion requirement where he failed to allege special circumstances in his complaint); *see also Williams*, 2011 WL 3962596, at *6.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss the plaintiff's Amended Complaint is GRANTED. The dismissal, however, is without prejudice to re-filing after all available administrative remedies have been exhausted pursuant to 42 U.S.C. § 1997e(a). The Court certifies, pursuant to 28 U.S.C. § 1915(a) (3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is instructed to terminate the motion pending at docket entry 21, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 20, 2012
New York, New York